**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSLYVANIA**

| | |
|---|---|
| **HMV INDY, LLC,** | |
| *Plaintiff* | **Case No. 2:20-mc-52-JDW** |
| v. | |
| **INOVATEUS SOLAR, LLC, et al**, | |
| *Defendants* | |

## MEMORANDUM

J Ranck Electric, Inc. seeks to enforce a subpoena *duces tecum* that it served on Miller Brothers Solar LLC ("MBS") in connection with an action pending in the Southern District of Indiana. The Court will grant J Ranck's Motion because MBS waived its objections to the subpoena and because the subpoena contains reasonable document requests in any event.

## I.    BACKGROUND

### A.    The Indiana Litigation

In *HMV, Indy I, LLC v. Inovateus Solar, LLC I, et al.,* Case No. 1:19-cv-1436-JRS-DLP (S.D. Ind.), HMV Indy alleges that J Ranck negligently installed solar technology in its energy generation project, which is located on the roof of a building known as "Building 98." HMV Indy alleges that J Ranck's negligence caused a fire and damaged the project and the roof. J Ranck installed the same technology on other HMV Indy energy generation projects, which are located on buildings known as "Building 87" and "Building 129." The same installation problem arose at all three locations. After the installation and at the time of the fire, MBS was the operations and maintenance contractor for the solar technology at all three buildings.

In its Answer, J Ranck identifies MBS as a nonparty that might have caused the fire at issue. In initial disclosures in the case, HMV Indy lists Ben Streit and Dwaine Reid of MBS as individuals with relevant knowledge that HMV might use in support of its claims in the case.

### B.      The Subpoena

On December 19, 2019, J Ranck served a subpoena on MBS (the "Subpoena"). The Subpoena contains eight specifications that seek documents requesting documents related to MBS's work on Buildings 87, 98, or 129. The Subpoena had a return date of January 20, 2019. On January 17, 2020, MBS objected to the Subpoena. J Ranck made multiple attempts to confer with MBS, but the record does not reflect that MBS ever responded. J Ranck filed a motion to compel MBS's response on April 20, 2020.

## II.      ANALYSIS

### A.      Waiver

A party that receives a subpoena may object within 14 days after service or before the time specified for compliance, whichever is earlier. Fed. R. Civ. P. 45(d)(2)(B). When a party does not comply with this requirement, it waives its objections. *See McCabe v. Ernst & Young, LLP*, 221 F.R.D. 423, 425 (D.N.J. 2004) (Rule 45 deadline should be read strictly); *Barnes Foundation v. Twp. of Lower Merion*, No. Civ. A. 96-372, 1997 WL 169442, at *2 (E.D. Pa. Apr. 7, 1997) (objections to subpoena were waived because non-party served them two months after fourteen day deadline).

MBS did not make a timely objection. J Ranck served the Subpoena on MBS on December 19, 2019. MBS's objections were due on January 2, 2020. MBS did not seek an extension of that deadline or other contact J Ranck about the Subpoena until it sent its objections on January 17, 2020. Its objections were too late.

Courts can forgive untimely objections under three circumstances: (1) the subpoena is overbroad on its face and exceeds the bounds of fair discovery; (2) the subpoenaed entity is a non-party acting in good faith, or (3) counsel for both the serving and served parties are in contact concerning the entity's compliance before there is a legal action to enforce the subpoena. *See R.B. v. Hollibaugh*, No. 1:16-CV-01075, 2017 WL 1196507, at *2-3 (M.D. Pa. Mar. 31, 2017) (forgiving untimely objections when the counsel for the non-party and plaintiff exchanged frequent correspondence about compliance before the legal objection); *see also American Elec. Power Co. v. United States,* 191 F.R.D. 132, 137 (S.D. Ohio 1999). None of these circumstances applies here.

The Subpoena is not overbroad on its face. It seeks information about the specific construction project and technology at issue in the Indiana Litigation. Nothing suggests that MBS acted in good faith in missing the deadline. Parties cannot ignore deadlines in the rules and claim "good faith" without some showing. MBS has made none. Finally, MBS was not in touch with J Ranck about the Subpoena while the time to object passed. It just missed the deadline. That missed deadline must have consequences or the Rule becomes meaningless.

**B.      Scope Of Subpoena**

Even if MBS had not waived its objections, the Court would require MBS to comply with the Subpoena. MBS's opposition to the Motion recites boilerplate objections but provides no factual information that justifies its refusal to comply with the Subpoena. MBS's objections do not excuse its compliance.

*First*, MBS claims the Subpoena does not seek relevant information. Though not unbounded, the scope of discovery is broad. *See Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987). The Subpoena seeks information within this broad scope, as it focuses on the

buildings and installations at issue. Indeed, both parties in the Indiana Litigation have pointed to MBS as a potential source of relevant information.

*Second*, MBS contends offers several formulations of the same objection:  it would be burdensome to comply with the Subpoena. A party making such an objection has a "heavy" burden of demonstrating that the subpoena is "unreasonable or oppressive." *DirectTV, Inc. v. Richards*, No. 3-5606, 2005 WL 1514187, at *2 (D.N.J. June 22, 2005). MBS's boilerplate objections come nowhere close to satisfying this burden. It makes no showing of the burden that it will incur. Notably, the Subpoena seeks information about work on three buildings at a discrete location. Presumably, MBS has files about those buildings that it can find without too much difficulty. It certainly has not shown otherwise. While HMV Indy might also have some of these documents, MBS has not shown that HMV Indy will have it all.

MBS also complains that the Subpoena will force it to investigate, collect, and produce documents. MBS is correct that the Subpoena imposes that burden. So does every subpoena. Indeed, it is the very nature of a subpoena. And, while it is frustrating to third parties to have to comply, it is the law. If the Court were to accept MBS's objection, it would gut Rule 45 and the subpoena as a discovery device.

## III.   CONCLUSION

MBS did not comply with its deadline to object to the Subpoena. It did not communicate with J Ranck about its objections. And it did not offer the Court any facts or meaningful argument to defend its noncompliance. The Court rejects MBS's cavalier approach. The Court will grant the Motion and require MBS to comply with the Subpoena, in full and without objection, within two weeks. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

June 29, 2020